IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
|     Plaintiff, | : | No. |
| | : | |
|     vs. | : | |
| | : | |
| STATE FARM FIRE & CASUALTY | : | |
| COMPANY, | : | |
|     Defendant. | : | |

## NOTICE OF REMOVAL

Defendant State Farm Fire & Casualty Company, ("State Farm") by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Notice of Removal, and in support thereof states as follows:

1. A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Berks County on or about June 18, 2002 and served on State Farm on June 24, 2002. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. The Complaint alleges that Plaintiff Keith E. Groh is a citizen of the Commonwealth of Pennsylvania, residing at 1164 North 13th Street, Reading, Pennsylvania, and that Plaintiff was a State Farm insured, pursuant to two policies of insurance, at all times relevant hereto.

3. According to the Complaint: "On or about November 18, 2001, Plaintiff's property at 1164 North 13th Street, Reading, Pennsylvania was burglarized. The building and its contents

were damaged and items of value, including jewelry, were stolen." The Complaint further alleges that State Farm "has unreasonably and unfairly refused to pay the loss, claiming that the Plaintiff is in breach of his duties under the policies." See Plaintiff's Complaint at Paragraphs 7 through 11.

4. The Complaint includes claims for the following: Breach of Contract (Count I); Breach of Covenant of Good Faith and Fair Dealing (Count II); Insurance Bad Faith, 42 Pa. C.S.A. Section 8371 (Count III); Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. 201.1 (Count IV); and, Declaratory Judgment as Ancillary Relief (Count V).

5. Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois, 61710.

6. Removal is timely under 28 U.S.C. § 1446 (b) because less than thirty (30) days have elapsed since the Complaint was served on State Farm.

7. State Farm will give written notice of the filing of this Notice, as required by 28 U.S.C. § 1446 (d).

8. A copy of this Notice will be filed with the Prothonotary of Berks County, as required by 28 U.S.C. 1446 (d).

9. State Farm is filing this Notice of Removal in that diversity of citizenship exists between Plaintiff and State Farm and the amount in controversy exceeds the jurisdictional amount

of $75,000.00, because Plaintiff is requesting punitive damages under Pennsylvania's bad faith statute.

**WHEREFORE** Defendant State Farm Fire & Casualty Company requests that this action proceed in this Court as a Civil Action properly removed.

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 7/17/02    By: _____
                       LEE E. ULLMAN, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
|    Plaintiff, | : | No. |
| | : | |
|    vs. | : | |
| | : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : | |
|    Defendant. | : | |

## **VERIFICATION**

The undersigned hereby verifies that I am attorney of record for Defendant State Farm Fire & Casualty Company ("State Farm") and that the statements contained in State Farm's Notice of Removal are true and correct to the best of my knowledge and information. This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 7/17/02   By: _____
                            LEE E. ULLMAN, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
|     Plaintiff, | : | No. |
| | : | |
|     vs. | : | |
| | : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : | |
|     Defendant. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of July, 2002, a true and correct copy of State Farm's Notice of Removal was served upon the Plaintiff, by mailing the same to Plaintiff's counsel of record, by First Class United States Mail, postage pre-paid, addressed as follows:

> Brett A. Huckabee, Esquire
> 1136 Penn Avenue
> P. O. Box 6895
> Wyomissing, Pennsylvania 19610

This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

By: _____
LEE E. ULLMAN, ESQUIRE