IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH E. GROH,<br>    Plaintiff, | :<br>:<br>: | Civil Action<br><br>No. 02 CV 4749 |
| vs. | :<br>: | <br>ASSIGNED TO: |
| STATE FARM FIRE & CASUALTY<br>COMPANY,<br>    Defendant. | :<br>:<br>: | JUDGE WILLIAM H. YOHN, JR. |

**DEFENDANT'S, STATE FARM AND FIRE CASUALTY COMPANY,**
<u>**MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**</u>

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through its undersigned attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files this Motion for Partial Dismissal of Plaintiff's Complaint and, in support thereof, avers as follows:

1. A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Berks County on or about June 18, 2002 and served on State Farm on June 24, 2002. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. On July 18, 2002, State Farm timely filed a Notice of Removal pursuant to 28 U.S.C. 1446 (d).

3. The Complaint alleges that Plaintiff, Keith E. Groh, resided at 1164 North 13th Street, Reading, Pennsylvania, and was a State Farm insured pursuant to two policies of insurance attached as Exhibits A and B thereto. Exhibit A consists of a

Personal Articles policy which insured certain scheduled jewelry in the amount of $35,000.000, all of which Plaintiff claims was stolen on November 18, 2001. Exhibit B consists of Plaintiff's Homeowners insurance policy, which insured Plaintiff's residence and contents.

    4.    Plaintiff purchased said policies on July 13, 2001, four (4) months before the subject theft loss.

    5.    Plaintiff alleges that on or about November 18, 2001, Plaintiff's residence at 1164 North 13th Street, Reading, Pennsylvania, was burglarized, resulting in alleged damage to the building and its contents, including theft of jewelry.

    6.    As a result of the burglary, the Plaintiff presented property insurance claims to State Farm under the aforesaid policies.

    7.    As a result of the claim, State Farm has attempted to conduct an investigation into the facts and circumstances surrounding the Plaintiff's alleged theft loss claim.

    8.    As Plaintiff tacitly admits in Paragraphs 24 (f), 29 and 30 of Plaintiff's Complaint, Plaintiff has refused to cooperate with State Farm's investigation pursuant to the terms and conditions of said policies in connection with State Farm's request for signed authorization forms to enable State Farm to investigate Plaintiff's financial, employment and medical background, thereby preventing State Farm from being able to

complete its investigation and make a timely coverage determination.

9. Nevertheless, Plaintiff alleges that State Farm "has unreasonably and unfairly refused to pay the loss, claiming that the Plaintiff is in breach of his duties under the policies." See Plaintiff's Complaint at Paragraph 11.

10. Plaintiff's Complaint contains five counts consisting of: 1) Count I – Breach of Contract; 2) Count II – Breach of Covenant of Good Faith and Fair Dealing; 3) Count III – Bad Faith; 4) Count IV – Unfair Trade Practices and Consumer Protection Law; and 5) Count V – Declaratory Judgment as Ancillary Relief.

11. Pursuant to Fed.R.Civ.P. 12(b)(6) – failure to state a claim upon which relief may be granted, State Farm hereby moves for partial dismissal of Plaintiff's Complaint for the reasons stated herein and in State Farm's supporting Brief.

12. Count II of the Complaint – Breach of Covenant of Good Faith and Fair Dealing must be dismissed because Pennsylvania law does not recognize a separate and distinct cause of action for a breach of the covenant of good faith and fair dealing.

13. Count III of the Complaint – Bad Faith, 42 Pa. C.S.A. § 8371, must be dismissed because the Complaint fails to state a valid cause of action for bad faith under Pennsylvania law.

14. Count IV of the Complaint – Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), must be dismissed because it fails to state a valid cause of action for violation of the UTPCPL.

15. Finally, Count V of the Complaint – Declaratory Judgment as Ancillary Relief, must be dismissed in part to the extent the Plaintiff seeks the following relief from the Court:

   a. Declare that the insurance policies, Exhibits "A" and "B" provide coverage and protection to the Plaintiff;
   c. Declare that State Farm is required to pay to Plaintiff the amount of his losses;
   d. Award such other and further relief as the Court in its discretion deems just and appropriate.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, respectfully requests that this Motion to Dismiss be granted and that this Honorable Court enter an Order granting partial dismissal of Plaintiff's Complaint with prejudice.

Respectfully submitted,

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 07/24/02   By: _____
LEE E. ULLMAN, ESQUIRE
CURTIS C. JOHNSTON, ESQUIRE
Attorney I.D. Nos. 42428/64059
540 Court Street
P.O. Box 542
Reading, PA  19603

4