**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 02 CV 4749 |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM FIRE & CASUALTY | : | JUDGE WILLIAM H. YOHN, JR. |
| COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT'S, STATE FARM FIRE AND CASUALTY COMPANY,
BRIEF IN SUPPORT OF MOTION FOR
<u>PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT</u>**

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through its undersigned counsel, Forry, Ullman, Ullman & Forry, P.C., hereby files this Brief In Support of Motion for Partial Dismissal of Plaintiff's Complaint and, in support thereof, states as follows:

**I.    <u>FACTUAL BACKGROUND</u>**

State Farm hereby incorporates by reference the statement of facts contained in State Farm's Motion for Partial Dismissal of Plaintiff's Complaint as though more fully set forth at length herein.

**II.    <u>ARGUMENT</u>**

**A.    <u>STANDARD OF REVIEW</u>**

When considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a Court is obligated to take all the well-pleaded allegations as true, construe the Complaint in the light most favorable to the Plaintiff and determine whether the

Plaintiff is entitled to relief under any reasonable reading of the pleadings. *Colburn v. Upper Darby Township,* 838 F 2nd 633, 665-66 (3rd. Cir. 1988)*, cert denied,* 489 U.S. 1065, 109 S. Ct. 1338 (1989)*.

A Motion to Dismiss may be granted if the Court finds that the Plaintiff can prove no set of facts in support of Plaintiff's claim which would entitle Plaintiff to relief. *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957).

**B.    COUNT II — BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED SINCE IT IS NOT A SEPARATE AND DISTINCT CAUSE OF ACTION UNDER PENNSYLVANIA LAW.**

Count II of Plaintiff's Complaint for breach of covenant of fair dealing and good faith must be dismissed since it is does not represent a separate and distinct cause of action under Pennsylvania law.   Rather, a claim arising from an alleged breach of the covenant of good faith and fair dealing must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself. *E.g. Creeger Brick & Bldg. Supply, Inc. v. Mid-State Bank & Trust Co.,* 568 A 2nd 151, 153 (Pa. Super. 1989) ("where a duty of good faith arises, it is arises under the law of contracts, not under the law of torts."); *JHG Inc. v. Septa,* 2002 W.L. 101 8941, slip op at p.5-7 (Phila. C.C.P. May 17, 2002); *Trujillo v. State Farm Mutual Automobile Insurance Co.,*

54 Pa. D.&C. 4th 241, 2001 W.L. 180 7927 slip op at p. 5 (Phila.CCP December 6, 2001).

Similarly, to the extent Plaintiff is asserting claims based on alleged lack of good faith and fair dealing by State Farm, said claims are subsumed within 42 Pa. C.S.A. § 8371, which represents a separate and independent cause of action for alleged bad faith conduct by an insurer. *Nealy v. State Farm Mutual Automobile Ins. Co.,* 695 A 2nd 790 (Pa. Super. 1997).

Accordingly, Count II of Plaintiff's Complaint for breach of covenant of good faith and fair dealing must be dismissed since Pennsylvania law does not recognize it as a separate and distinct cause of action.

C.    **COUNT III – BAD FAITH MUST BE DISMISSED BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO ADEQUATELY STATE A VALID CLAIM FOR BAD FAITH UNDER PENNSYLVANIA LAW.**

Count II of the Complaint must be dismissed because Plaintiff fails to state a valid claim for bad faith under 42 Pa. C.S.A. § 8371. Pennsylvania's bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all or the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)  Award punitive damages against the insurer.

(3)  Assess court costs and attorney's fees against the insurer.

42 Pa. C.S.A. § 8371.

The principal Pennsylvania case interpreting Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, is the Pennsylvania Superior Court's decision in Terletsky v. Prudential Property and Casualty Insurance Co., 437 Pa.Super. 108, 649 A.2d 680 (1994), appeal denied, 540 Pa. 641, 659 A.2d 560 (1995).  In Terletsky, the Superior Court held that to recover under a claim of bad faith, a Plaintiff is required to show two elements: (1) that the insurer did not have a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis.  Mere negligence or bad judgment on the part of the insurer is insufficient to constitute bad faith.  Id.  See also Klinger v. State Farm Mutual Automobile Insurance Co., 115 F.3d 230, 233 (3d Cir. 1997). Reckless behavior, as defined by the Third Circuit in Polselli v. Nationwide Mutual Fire Insurance Co., 23 F.2d 747, 751 (3d Cir. 1994), is behavior in which the insurer deliberately acts in conscious disregard of, or with indifference to the rights of its insured.

To establish a claim for bad faith, the insured has the burden of proving his allegations by clear and convincing evidence.  See Polselli v. Nationwide Mutual Fire Insurance Co., 126 F.3d 524, 528 (3d Cir. 1997); see also Terletsky, supra, 649

A.2d at 688.  As the Superior Court held in <u>MGA Insurance v.</u> <u>Bakos</u>, 699 A.2d 751, 754 (Pa. Super. 1997), "a recovery for bad faith requires clear and convincing evidence of bad faith, rather than mere insinuation…"

State Farm submits that there are no well pleaded facts anywhere in the Complaint even remotely approaching clear and convincing evidence that State Farm acted without a reasonable basis, or with the knowledge that it lacked a reasonable basis, by exercising its rights under the terms and conditions of the applicable policies (attached to Plaintiff's Complaint as Exhibits A[1] and B[2]) to request Plaintiff to provide signed authorization forms to enable State Farm to complete its investigation of Plaintiff's alleged theft loss claim.  To the contrary, Plaintiff's Complaint documents nothing more than State Farm's exercise of its contractual rights pursuant to the unequivocal terms and conditions of the applicable insurance policies to conduct a thorough and reasonable investigation of Plaintiff's

---

[1] The Personal Articles Policy states in Section I – Conditions, in pertinent part:
"8.    Examination Under Oath.  You agree:
a.    to be examined under oath and subscribe to the same as often as we reasonably require;
d.    to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed;"

[2] The Homeowners Policy states, in Section I – Conditions, in pertinent part:
"2.    Your Duties After Loss.  After a loss to which this insurance may apply, you shall see that the following duties are performed:
c.    prepare an inventory of damaged or stolen personal property.  Show in detail the quantity, description, age, replacement cost and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;
d.    as often as we reasonably require:
(2)  provide us with records and documents we request and permit us to make copies;"

alleged theft loss claim, and Plaintiff's admitted refusal to cooperate with said investigation.[3]

In short, Plaintiff's assertions of bad faith are insufficient to make out a valid claim for bad faith under the law of Pennsylvania.  State Farm submits that dismissal of Plaintiffs' bad faith claim is warranted in this case.  At best, Plaintiff's Complaint sets forth nothing more than a potential breach of contract claim arising from State Farm's non-payment of Plaintiff's homeowner's theft loss claim based on a good faith contractual dispute over the rights and obligations of Plaintiff and State Farm concerning State Farm's request pursuant to the terms and conditions of the applicable policies for signed authorization forms in order to complete its investigation of the Plaintiff's alleged theft loss claim.

Accordingly, Count II of the Complaint must be dismissed because Plaintiff fails to state a valid claim for bad faith under 42 Pa. C.S.A. § 8371.

---

[3] There is ample case law requiring an insured to cooperate by supplying tax returns, bank account, credit reports, loan, real estate, and charge accounts in connection with an insurers' investigation into suspected arson or fraud cases.  *E.g. Hill v. Safeco Ins. Co. of America*, 93 F.Supp. 1375 (M.D. Ga. 1999); *Harary v. Allstate Ins. Co.*, 988 F.Supp. 93 (E.D.N.Y. 1997) *aff'd*, 162 F.3d 1147 (1997).

**D.  COUNT IV OF PLAINTIFF'S COMPLAINT – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, MUST BE DISMISSED FOR FAILURE TO STATE A VALID CLAIM UNDER PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

Count IV of Plaintiff's Complaint alleging violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201 et seq., must be dismissed since Plaintiff has failed to state a claim for relief thereunder.

First, Plaintiff has made nothing more than a conclusory, bald allegation of unspecified violations of the UTPCPL. Plaintiff has totally failed to specify which of the 17 subsections in 73 Pa. C.S.A. §201-2 (4)(i-xvii), which defines "unfair methods of competition" and/or "unfair deceptive acts or practices" under the UTPCPL which State Farm allegedly violated. Second, other than by incorporating by reference Plaintiff's allegations in support of a Bad Faith claim, Plaintiff has further failed to specify what alleged actions or omissions committed by State Farm constitute an "unfair method of competition" and/or "unfair deceptive act or practice" under the facts of this case. State Farm respectfully submits that none of the acts or omissions alleged in Plaintiff's Complaint fall within the ambit of the UTPCPL.

Third, under Pennsylvania law, only "misfeasance" consisting of the improper performance of a contractual obligation raises a cause of action under the UTPCPL. An insurer's mere refusal to

pay a claim constitutes "nonfeasance", the failure to perform a contractual duty, which is not actionable. *Horowitz v. Federal Kenper Life Assure. Co.,* 57 F. 3d 300, 307 (3rd Cir. 1995) (insurer which issues letter to insured advising of insured of its refusal to pay claim and its reasons therefore does not constitute actionable misfeasance under the UTPCPL); *Gordon v. Pennsylvania Blue Shield*, 548 A.2d 600, 604 (1988) (insurer's refusal to pay medical benefits requested by the insured to which the insured felt entitled amounted to the mere failure to perform, i.e., nonfeasance, as opposed to the improper performance of a contractual obligation, i.e., misfeasance).

As indicated above, the crux of Plaintiff's claim against State Farm is nothing more than an alleged breach of contract for State Farm's refusal to pay Plaintiff's claim based on a good faith contractual dispute over the rights and obligations of Plaintiff and State Farm concerning State Farm's request pursuant to the terms and conditions of the applicable policies for signed authorization forms in order to complete its investigation of the Plaintiff's alleged theft loss claim. Such conduct, at best, is nonfeasance and is not actionable misfeasance under the UTPCPL.

To the extent Plaintiff alleges that State Farm committed misfeasance by allegedly suggesting to Plaintiff's witnesses, relatives, and employers that Plaintiff has engaged in illegal activities (Plaintiff's Complaint at ¶24 (C and D)), the Courts

have held such conduct does not state a viable claim of misfeasance under the UTPCPL. Rather, such conduct is non-actionable nonfeasance, which is simply part and parcel of the insurer's refusal to pay benefits. *Smith v. Nationwide Mutual Fire Insurance Co.,* 935 F. Supp. 616, 621 (W.D. Pa. 1996) (plaintiffs' averment that defendants made false accusations of arson against insureds does not state a viable claim of misfeasance, but rather is simply part and parcel of the defendant's refusal to pay benefits).

To the extent Plaintiff makes conclusory allegations that State Farm violated the UTPCPL by delaying or not timely or thoroughly investigating Plaintiff's claim (which was only 5 months old at the time Plaintiff refused to cooperate further with State Farm's investigation by providing the necessary signed authorization forms), the Courts have again held that such conduct, at best, represents non-actionable nonfeasance, and is not malfeasance. *Leo v. State Farm Mutual Automobile Insurance Co.,* 939 F. Supp. 1186, 1193 (E.D. Pa. 1996) (Court rejected plaintiff's arguments that the following conduct constituted actionable malfeasance:

  1. Misrepresenting pertinent contract provisions relating to Plaintiff's and State Farm's obligations; specifically, refusing to evaluate the file until obtaining a Statement Under Oath;

  2. Failing to acknowledge and act promptly upon written or oral communications with respect to

9

the claim, such as not immediately forwarding a copy of Dr. Stone's report to Plaintiff and refusing to look at any material in the file until obtaining a Statement Under Oath;

3. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising out of insurance policies;

4. Refusing to make an offer without reviewing the available information derived from the initial investigation;

5. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which the Company's liability under the policy has become reasonably clear;

6. Failing to promptly provide a reasonable explanation of the basis for refusing to make a settlement offer and, in fact, misleading Plaintiff's counsel to believe that the file would be evaluated based upon Dr. Stone's report.

The aforesaid alleged acts, which the Court found to be mere nonfeasance, are substantially similar to the Plaintiff's boilerplate allegations against State Farm in this case. In sum, the Plaintiff has merely alleged that State Farm breached its contract by refusing to make a determination of its obligation to pay Plaintiff's homeowner's theft loss claim until the Plaintiff has complied with State Farm's request for signed authorizations to enable State Farm to complete its investigation. This allegation rises only to the level of non-actionable nonfeasance.

Accordingly, Count IV of Plaintiff's Complaint alleging violations of the Unfair Trade Practices and Consumer Protection

10

Law ("UTPCPL"), 73 Pa. C.S.A. § 201 et seq., must be dismissed since Plaintiff has failed to state a claim for relief thereunder.

**E.   COUNT V – DECLARATORY JUDGMENT AS ANCILLARY RELIEF MUST BE DISMISSED TO THE EXTENT IT SEEKS RELIEF BEYOND THE SCOPE OF THE DECARLATORY JUDGMENT ACT.**

The crux of Count V of Plaintiff's Complaint is set forth in subsection B of the WHEREFORE clause and seeks a declaration of rights between Plaintiff and State Farm as to whether Plaintiff must cooperate with State Farm's investigation regarding the circumstances and facts surrounding the Plaintiff's alleged theft loss claim by providing signed authorization forms to enable State Farm to obtain additional information relevant to Plaintiff's claim.

However, in support of Plaintiff's Count V – Declaratory Judgment as Ancillary Relief, Plaintiff seeks the following additional declaratory relief:

> A.   Declare that the insurance policies, Exhibits "A" and "B", provide coverage and protection to the Plaintiff;
>
> B.   Declare that Plaintiff is not required by the policies to sign blanket authorizations in the form requested by State Farm;
>
> C.   Declare that State Farm is required to pay to Plaintiff the amount of his losses; and,
>
> D.   Award such other and further relief as the Court in its discretion deems just and appropriate.

State Farm submits that Plaintiff's claims for declaratory judgment relief under subsections A, B, and D above must be dismissed.  First, there is no justifiable controversy between Plaintiff and State Farm regarding whether the subject policies attached as Exhibits "A" and "B" to Plaintiff's Complaint were in effect at the time of the Plaintiff's alleged theft loss claim.  Rather, the only justifiable dispute between the parties, which warrants declaratory relief at this stage, is as Plaintiff seeks in subsection B:  whether the terms and conditions of said policies require Plaintiff to cooperate with State Farm's investigation of Plaintiff's theft loss claim by signing authorization forms for release of relevant information.

The additional declaratory relief sought in subsection C and D, in essence, seeks the same determination as called for in Plaintiff's Count I for Breach of Contract and is, therefore, redundant and is premature.  Until Plaintiff either cooperates with State Farm's request for additional information or the Court rules upon the contractual discovery dispute between the parties so that State Farm is allowed to complete its investigation and make a coverage determination, State Farm submits that a determination of Plaintiff's breach of contract claim and/or right to payment for his alleged theft loss is premature.

III. <u>CONCLUSION</u>

    For the foregoing reasons, Defendant, State Farm Fire and Casualty Company, respectfully requests that that this Honorable Court enter an Order granting partial dismissal of Plaintiff's Complaint with prejudice.

                    Respectfully submitted,

                    **FORRY, ULLMAN, ULLMAN & FORRY, P.C.**


Dated:  07/24/02   By: _____
                    LEE E. ULLMAN, ESQUIRE
                    CURTIS C. JOHNSTON, ESQUIRE
                    Attorney I.D. Nos. 42428/64059
                    540 Court Street
                    P.O. Box 542
                    Reading, PA  19603