IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH E. GROH,              Plaintiff | : : : | CIVIL ACTION |
| vs. | : : | No. 02 CV 4749 |
| STATE FARM FIRE & CASUALTY` COMPANY,              Defendant | : : : : | ASSIGNED TO: JUDGE WILLIAM H. YOHN, JR. |

PLAINTIFF KEITH E. GROH'S ANSWER TO MOTION
FOR PARTIAL DISMISSAL OF COMPLAINT

Plaintiff Keith E. Groh, by and through his undersigned attorneys, Brett A. Huckabee, Esquire and Hoffert, Huckabee & Weiler, P.C., responds to the Motion for Partial Dismissal of his Complaint as follows:

1. Admitted.

2. Admitted.

3. It is admitted that the Plaintiff resides at 1164 North 13th Street and that he was the owner and beneficiary of two State Farm insurance policies which were attached to his Complaint as Exhibits "A" and "B".

4. Admitted.

5. Admitted. The Complaint itself is the best evidence of its contents.

6. Admitted. By way of further answer, Plaintiff has cooperated fully and completely with every reasonable request for information pertaining to his claim.

-1-

7. Admitted in part. It is admitted that State Farm conducted an extensive investigation. It is averred that the Plaintiff cooperated fully and completely with all reasonable requests of State Farm relating to its investigation.

8. Denied. It is denied that the Plaintiff has refused to cooperate. Plaintiff has participated in statements under oath, has obtained information specifically requested by State Farm, and has contacted sources of purchase or acquisition of the valuables in order to give additional information to State Farm. Because of State Farm's abuses of its investigative rights, the Plaintiff has refused to sign blanket authorizations that would enable State Farm to directly contact all of Plaintiff's financial sources, his prior employers, and seek information concerning his medical background. It is important to note that Plaintiff has not refused to provide this information, but merely to give State Farm direct contact with each and every source, some of which are totally unrelated to the claim, and all of which may create unnecessary intrusions, embarrassment, and continued disruption by State Farm of Plaintiff's life. It is specifically denied that any of Plaintiff's conduct has made it impossible for State Farm to properly complete its investigation

9. It is admitted that State Farm has refused to pay Plaintiff's claim in violation of its policy provisions. The Complaint is the best evidence of its contents.

10. Admitted generally. The Complaint is the best evidence of its contents.

11. The averments of paragraph 11 are conclusions of law to which no answer is required by the Federal Rules of Civil Procedure. It is admitted that State Farm has so moved.

12. Denied. It is denied that Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed. It is averred on the contrary that the claim is clearly recognized under Pennsylvania law, both in contract and in tort. If the breach of the covenant is determined to

require its incorporation into either the contract action, Count I, or the bad faith action, Count III, then Plaintiff requests leave to amend the Complaint to state the inclusion of the breach of covenant of good faith and fair dealing in Counts I and III.

13. The averments of paragraph 13 are conclusions of law to which no answer is required by the Rules of Civil Procedure. It is denied that Plaintiff's Complaint does not state a cause of action for bad faith under Pennsylvania law. It is averred that the conduct of State Farm in its investigation and handling of this claim is in clear violation of 42 Pa. C.S.A. §8371. In the event it is determined that the Complaint does not sufficiently state the specifics of the bad faith of State Farm, then Plaintiff requests leave to amend the Complaint to incorporate more detailed statements of State Farm's actual bad faith conduct.

14. The averments of paragraph 14 are conclusions of law to which no answer is required by the Rules of Civil Procedure. It is denied that the Plaintiff's Complaint does not sufficiently state facts to support a claim under the Unfair Trade Practices and Consumer Protection law. To the extent that the Honorable Court may determine that additional pleading of facts is necessary to support such a claim, Plaintiff requests leave to so amend.

15. The averments of paragraph 15 are conclusions of law to which no answer is required by the Rules of Civil Procedure. By way of further answer, it is averred that Plaintiff's primary reason for including the declaratory judgment action is to seek a proper interpretation of the policy with respect to whether the Plaintiff is required to sign blanket authorizations for the benefit of State Farm, as opposed to personally obtaining and providing information requested by State Farm. To the extent that the request for declaratory judgment asks that the Court declare that the policies provide the coverage to the Plaintiff, it is anticipated that that will be a non-issue in that the answer

-4-

of the Defendant State Farm will admit the existence and application of the policies. To the extent that the Complaint seeks a declaration that State Farm is required to pay the Plaintiff the amount of his losses, it is expected that this will be an issue that will be raised in Defendant's answer and then properly tried by the Court under the contract and/or tort claims. Finally, to the extent that the declaratory judgment asks the Court in its discretion to award such other and further relief as is just and appropriate, such language is appropriate and necessary to give the Court the flexibility to mold a decision and verdict with respect to the declaratory judgment action claim so that the parties are governed accordingly.

WHEREFORE, Plaintiff Keith E. Groh requests that the Defendant's Motion to Dismiss be denied, and that the Defendant be required to file an answer to Plaintiff's Complaint. To the extent any portion of the Motion may be granted based upon failure of the Plaintiff to plead facts sufficient to state a cause of action, Plaintiff requests leave to amend the Complaint to plead additional facts in support of his claims.

HOFFERT, HUCKABEE & WEILER, P.C.

By: _____
Brett A. Huckabee, Esquire
Attorney I.D. No. 16114
1136 Penn Avenue
P.O. Box 6895
Wyomissing, PA 19610
(610) 378-1933