IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
|    Plaintiff, | : | |
| | : | No. 02 CV 4749 |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM FIRE & CASUALTY | : | JUDGE WILLIAM H. YOHN, JR. |
| COMPANY, | : | |
|    Defendant. | : | |

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

1.    Given the removal of this civil action to Federal Court, the Pennsylvania Rules of Civil Procedure pertaining to compulsory arbitration are inapplicable.

2.    Admitted.

3.    Admitted in part, denied in part.  State Farm Fire & Casualty Company (hereinafter "State Farm") is a corporation in the business of insurance organized under the laws of the State of Illinois, where its principle place of business located at 1 State Farm Plaza, Bloomington, Illinois 61710.  It is admitted that State Farm maintains a place of business at 1802 Paper Mill Road, Wyomissing, Berks County, Pennsylvania.

4.    Admitted.

5.    Admitted in part, denied in part.  It is admitted that State Farm issued a policy of insurance to plaintiff.  By way of further response, Exhibit "A" to Plaintiff's Complaint being a document in writing speaks for itself.

6.    Admitted in part, denied in part.  It is admitted that State Farm issued a policy of insurance to Plaintiff.  By way of further response, Exhibit "B" to Plaintiff's Complaint being a document in writing speaks for itself.

7. Denied. Based on its investigation conducted to date, State Farm is without knowledge or information sufficient to form a belief as to the truth of the matter averred. Strict proof thereof is demanded at trial.

8. Denied as stated. The coverage for Plaintiff's alleged theft loss on November 18, 2001 is subject to all terms, provisions, and conditions of the subject policies.

9. Denied as stated. It is admitted that Plaintiff submitted sworn proofs of loss on or about December 10, 2001, but the specific amount of Plaintiff's claim has not been verified since Plaintiff has prevented State Farm from completing its investigation of Plaintiff's claim.

10. Denied. Plaintiff has not cooperated fully and reasonably with State Farm's investigation into Plaintiff's alleged theft loss claim. To the contrary, Plaintiff has failed to cooperate with State Farm's requests for specific information in order to complete its investigation and render a coverage determination.

11. Denied. It is specifically denied that State Farm has unreasonably and unfairly refused to pay Plaintiff's claim. To the contrary, because Plaintiff has breached the terms and conditions of the subject policies, State Farm has been unable to complete its investigation and render a coverage determination.

12. Denied. As Plaintiff has breached the terms and conditions of the subject policies, State Farm has been unable to complete its investigation and render a coverage determination.

13. Denied. As Plaintiff has breached the terms and conditions of the subject policies, State Farm has been unable to complete its investigation and render a coverage determination.

## COUNT I
### Keith Groh v. State Farm Fire & Casualty Company
### Breach of Contract

The averments contained in paragraphs 1 through 13 of this Answer are incorporated herein by reference.

14. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

15. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, State Farm Fire & Casualty Company, respectfully requests that judgment be entered in its favor and against Plaintiff, Keith E. Groh, plus all other relief available under law.

## COUNT II
### Keith E. Groh v. State Farm Fire & Casualty Company
### Breach of Contract of Good Fair and Fair Dealing

The averments contained in paragraphs 1 though 15 are incorporated herein by reference.

16. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

17. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

18. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

19. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, State Farm Fire & Casualty Company, respectfully requests that judgment be entered in its favor and against Plaintiff, Keith E. Groh, plus all other relief available under law.

## COUNT III
### Keith E. Groh vs. State Farm Fire & Casualty Company
### Insurance Bad Faith
### 42 Pa. C.S.A. 8371

The averments contained in paragraphs 1 through 19 are incorporated herein by reference.

20. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

21. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

22. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

23. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

24. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

25. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, State Farm Fire & Casualty Company, respectfully requests that judgment be entered in its favor and against Plaintiff, Keith E. Groh, plus all other relief available under law.

## COUNT IV
### Keith E. Groh vs. State Farm Fire & Casualty Company
### Unfair Trade Practices and Consumer Protection Law

The averments contained in paragraphs 1 through 25 are incorporated herein by reference.

26. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

27. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, State Farm Fire & Casualty Company, respectfully requests that judgment be entered in its favor and against Plaintiff, Keith E. Groh plus all other relief available under law.

## COUNT V
### Keith E. Groh vs. State Farm Fire & Casualty Company
### Declaratory Judgment as Ancillary Relief

The averments contained in paragraphs 1 through 27 are incorporated herein by reference.

28. Denied as stated. The terms and conditions of the subject policies are contained in written documents, which speak for themselves. The averments in this paragraph constitute conclusions of law to which no response is required.

29. Denied as stated. State Farm has requested, pursuant to the applicable policies' terms and conditions, specific investigative documentation or signed authorizations to obtain the same, which has been continually refused by Plaintiff.

30. Denied. Plaintiff has continually failed to provide the signed authorizations requested and failed to provide any of the requested specific documentation/information requested.

31. Denied. After reasonable investigation, State Farm is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

32. Denied. The averments in this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Defendant, State Farm Fire & Casualty Company, respectfully requests that judgment be entered in its favor and against Plaintiff, Keith E. Groh, plus all other relief available under law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted against State Farm.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to comply with the terms, provisions, and conditions set forth in the subject insurance policies.

### THIRD AFFIRMATIVE DEFENSE

At all times material to Plaintiff's Complaint, State Farm acted reasonably and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own bad faith and lack of fair dealing.

### FIFTH AFFIRMATIVE DEFENSE

Coverage for the Plaintiff's theft loss claims are barred to the extent caused by or at the direction of Plaintiff, Keith E. Groh.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff falsely has given gave false testimony concerning the facts and circumstances surrounding the alleged burglary and the extent and value of the alleged theft loss claim in violation of the terms and conditions of the applicable policies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's fraud and misrepresentation consisted of, but is not limited to, the following:

(a) Intentionally arranging or participating in the alleged burglary of Plaintiff's residence;

(b) Intentionally misrepresenting facts relating to the alleged burglary and the extent of his theft loss claim;

(c) Submitting a false proof of claim;

(d) Committing false swearing at his Examination Under Oath;

(e) Committing insurance fraud;

(f) Intentionally misrepresenting material facts during State Farm's investigation of the subject theft loss claim.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the subject policy's one-year suit limitation provision, as mandated by 40 Pa. C.S.A. §636.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the Doctrines of Latches, Waiver, Estoppel, and/or Unclean Hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate his damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times material to Plaintiff's Complaint, State Farm has acted under a reservation of rights under the subject policies and without waiver of its policy defenses.

**TWELVETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that the cause of the loss was not direct and accidental.

Respectfully submitted,

FORRY, ULLMAN, ULLMAN & FORRY, PC.

BY: _____
LEE E. ULLMAN, ESQUIRE
CURTIS C. JOHNSTON, ESQUIRE
Attorney I.D. Nos. 42428/64059
540 Court Street, P.O. Box 542
Reading, PA 19601
(610) 777-5700
Attorneys for Defendant,
State Farm Fire & Casualty Company

September 23, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH E. GROH, | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 02 CV 4749 |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM FIRE & CASUALTY | : | JUDGE WILLIAM H. YOHN, JR. |
| COMPANY, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, LEE E. ULLMAN, ESQUIRE, counsel for Defendant, State Farm Fire & Casualty Company, hereby certify that on this 23rd day of September, 2002, a true and correct copy of Defendant, State Farm Fire & Casualty Company's Answer with Affirmative Defenses, was served upon the following:

> Brett A. Huckabee, Esquire
> 1136 Penn Avenue
> P.O. Box 6895
> Wyomissing, PA 19610

FORRY, ULLMAN, ULLMAN & FORRY, P.C.

By: _____
LEE E. ULLMAN, ESQUIRE